# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DAVID ERROL WILLOCK,<br><br>    Petitioner,<br><br>vs.<br><br>JERRY BURT,<br><br>    Respondent. | No. C08-2031-LRR<br><br>**ORDER** |

This matter is before the court on the petitioner's submission of an application for a writ of habeas corpus, application to proceed in forma pauperis and motion to hold the application for a writ of habeas corpus in abeyance pending exhaustion of state remedies. The Clerk's Office filed such applications and motion on May 8, 2008.

It is clear from *State v. Willock*, Case No. FECR111914 (Black Hawk County Dist. Ct. 2003),[1] and the record that the petitioner did not exhaust the remedies available to him in the Iowa courts. *See* 28 U.S.C. § 2254(b)(1)(A). Further, state court records reveal that, on May 16, 2007, procedendo issued on the petitioner's direct appeal. The petitioner acknowledges that he did not assert any ineffective assistance of counsel claims in an application for post-conviction relief, and he states that he would like to raise his ineffective assistance of counsel claims in a post-conviction relief proceeding. The applicable limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28

---

[1] Iowa state court criminal and civil records may be accessed at the following address: http://www.judicial.state.ia.us/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

U.S.C. § 2244(d)(1)(A); *see also Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) ("Finality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Here, the petitioner has one year and ninty days from the date procedendo issued, that is, May 17, 2007, to file an application for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1) (setting forth one year); Sup. Ct. R. 13 (setting forth 90 days). Post-conviction relief actions filed before or during the limitations period for habeas corpus actions are "pending" and the limitations period is "tolled", within the meaning of 28 U.S.C. § 2244(d)(2), during the time "a properly filed" post-conviction relief action is before the district court, the time for filing of a notice of appeal and the time the petitioner has to perfect the appeal in such a "properly filed" action if the petitioner actually files a notice of appeal, and the time for the appeal itself. *See Peterson*, 200 F.3d at 1204-05 (discussing application of 28 U.S.C. § 2244(d)(2)); *Mills*, 187 F.3d at 882-84 (same); *see also Lawrence v. Florida*, ___ U.S. ___, 127 S. Ct. 1079, 1083, 166 L. Ed. 2d 924 (2007) ("[28 U.S.C.] § 2244(d)(2) does not toll the [one-year] limitations period during the pendency of a petition for certiorari."); *Snow*, 238 F.3d at 1035-36 (concluding 28 U.S.C. § 2244(d)(2) does not toll the limitations period for the ninty days during which a petitioner could seek certiorari from a state court's denial of post-conviction relief). Because the petitioner is able to toll the one-year period of limitation by expeditiously filing a proper application for post-conviction relief in the Iowa District Court for Black Hawk County, there is no reason to hold in abeyance the application for a writ of habeas corpus.

Based on the foregoing, this action is dismissed without prejudice. The petitioner's motion to hold the application for a writ of habeas corpus in abeyance pending exhaustion of state remedies is denied. The petitioner's application to proceed in forma pauperis is denied as moot. The Clerk of Court is directed to file the application for a writ of habeas corpus for the purpose of making a record.

**IT IS SO ORDERED**

**DATED** this 12th day of May, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA